previously announced and that the Times has allotted to counsel. The first case is number 181648, United States v. Christian Rivera-Galindez. Good morning, Your Honor. Rick Nelson Cruz for the appellant, Mr. Rivera-Galindez. The appellant, Mr. Rivera-Galindez, filed his appeal because he honestly believes he didn't get a fair trial. He reaffirms his story that he was forced into the apartment by the Puerto Rico police who planted his pistol, who took it from its location in his car and put it upstairs in the apartment in order to link him to the drug dealing that was going on in the apartment. The reason for doing that is that the Puerto Rico police needed to detain him because he was a suspect in a murder investigation in another jurisdiction that was a convenient way of doing that, as there was no outstanding warrant at the time. He testified, that is, the appellant testified to all of these facts at a suppression hearing that was held in this case. And so the government was aware that the defendant had testified that he had actual possession of the pistol in his car, just not possession in the apartment. But because of the evidence that they had, the evidence that they didn't have, they chose to prosecute him for constructive possession of the pistol under 18 U.S.C. 924C in connection with the drug deal. So his testimony wasn't believed, unfortunately. No, it was not believed. And he never got a chance to present that testimony at trial, as I will explain further on. The government then took the evidence of a prior conviction and asked to have it admitted under 404B for two reasons. To have the prior conviction admitted, but also to prejudice the jury with the prior conviction as to the defendant's veracity. So at that point, it was a practical certainty that he could not testify and be believed when there were four police officers available to testify against him. In addition... Counsel, what did the government say was the special relevance of the prior conviction? It's a very good question. They argued intent. They argued in general, in a very general way, they argued a logical connection between the prior conviction and this conviction for knowledge and intent. And a number of other issues, but the two the judge accepted were knowledge and intent. So it's your position that since he never denied that the gun was his, he just said he didn't put it there. But on your theory, knowledge intent might make sense if he was in some way denying that it was his or that he knew it was there. But he never denied it. Is that correct? That's correct. That's part of the reason why it's only marginally relevant, if at all. I think the most egregious and prejudicial part of admitting the 404B evidence is the color of the pistol. That is the prior conviction... Before you go too far down this road, when you say he didn't contest whether it was his, I understand what he said in the suppression hearing, but that wasn't to the jury. That's true. And there was no stipulation that it was his. No. So in what sense wasn't he contesting that it was his? In other words, he wasn't conceding and the government was put to the proof they had to prove it was his gun. Well, it would have provided a fair trial if there had been a stipulation, I believe. Well, did the government refuse to stipulate? I have no knowledge whether there was any discussion about it, certainly not... Okay, so for our purposes, we assume there's no stipulation and that's fine, which means he was contesting whether it was his gun. Well, it may be that you see it that way. I find a hard time understanding that. How else can we see it? Give us the alternative to seeing it that way. The alternative is that the government made a conscious choice to charge the case and prosecute the case the way it did with the purpose of obviating the possibility. They wouldn't have, I believe, they wouldn't have accepted a stipulation. They had a plan in mind that they were going to go ahead and prosecute it in this way. But that's all speculative. Of course, that's within their discretion, yes. But it's all speculative that there was such an offer to stipulate on the table. No, no, no. There was none and that's all speculative, yes. Okay, so as we take the, I'm just trying to understand. Suppose he contested whether it was his gun. Okay. Would it be relevant? Would the prior conviction then have been relevant in your view? It would have been more relevant because it was absolutely not relevant. I know, I get that. But if he did contest it. No, it was not. Even there, the relevance was only marginal. And it was far outweighed by the prejudice to the defendant's case. And the reason was that the court allowed the evidence in to show four things. The defendant knew what a firearm was. And I find that really disingenuous. Everyone knows what a firearm is, what its purpose is, how it functions in general terms. Everybody sees them on television. About 40% of the population of the United States owns one. So it's highly unlikely that there's any more relevance to admitting a prior conviction to show that he knew, the defendant knew what a firearm was. I thought the government argued that they were admitting it to show it was the same gun. That the government was admitting it to show it was the same gun as the prior conviction. Well, it started out that the government said it's very similar. We can't really say it's the same gun. But then on the fifth day of trial, on the morning of the fifth day of trial, the government for the first time unveiled their theory that it was the same gun and argued it to the judge before the judge made a final ruling on admitting the evidence. So what's your response to that? The response is, we don't know it was the same gun. You're right, the government's asserting that it is. We don't know it was the same color. What do you mean you don't know it's the same color? We don't know it was the same color. The evidence of the color of the gun was the accusation in the state case, not the judgment. It wasn't found that it was the same gun. It was an accusation that said the gun that he's accused of having was military green and black. We don't know what military green and black is. As we argued in the brief, the Glock factory makes them in at least two shades of green, olive drab and military or battlefield green. But the state court gun was also green and black. It was some shade of green and black. Some shade of green, but it wasn't red because the Glock was a red gun. No, it was not red. So why isn't that a reasonable inference that it was the same gun? Isn't that enough evidence? It's not reasonable when you consider the number of green and black guns that are mass produced. They're mass produced by more than 12 manufacturers. And the last time I looked on an option site online, there were almost 4,000 green and black semi-automatic pistols available for sale. There's the accusation that this particular defendant, your client, had a green and black gun on two different occasions. There was an accusation of that, and he was convicted of possession of a firearm in the first case. That was then used in the second case. How old was that prior conviction? I don't remember exactly. It was months. It was a matter of weeks or months. It was not years. Wasn't it just a little over a month? Okay. So within the same relative, within the same year, you've got him with a gun that looked similar to the gun they're now saying he also had. And if I understand it, the gun he was convicted of having before was never found. Is that right? That's correct. But ballistic tests were done on the gun by the government's state expert for the state case purposes, and it was not shown to be the same gun. As a matter of fact, the expert found that he couldn't make a comparison. He couldn't find them, make a statement that they were the same gun. Well, that was evidence that was available to assist in your defense if you had presented it. I think it was discussed in the record. It's in the record, and it was discussed in argument over whether to admit this evidence or not at the evidentiary hearing on the fourth day of the or after the fourth day of trial. Counsel, was it? I'm sorry. So did the district court deny the admission of what you're saying is exculpatory evidence? Yes. It wouldn't allow the ballistics testing? No. It was not raised. I have no knowledge as to why it was not raised. It was only raised in the context of the argument on admission of the 404B evidence. Not a separate attempt to admit exculpatory evidence? No. Did anyone ever move to admit as exculpatory evidence? Not to my knowledge.  And so did not put before the jury this theory that the gun, although it had been his and was in the car, that the police had planted it in the apartment. Did that theory of the defense get to the jury in some other fashion? It's really unclear to me. I believe that it certainly got to the district court. The court was aware of what the defense said, but I don't know whether it got to the jury or not. I presume it was raised, but I don't have that. Don't you know what the record says on that score? I don't have the record of that part of the case. I didn't ask for the argument. But as the questions have suggested, that your position that that theory was before the jury, in other words, the jury understood that he had conceded that the gun was his, but he did not take it into the apartment. That's a critical piece of your argument as to why this prior conviction, basically being admitted as a prior bad action, ought to have come in. And yet you're not able to tell us how that theory of the case got to the jury? No, that's correct. I can't tell you that. I just want to point out that the same gun theory that the prosecution raised. Can I just ask you why you didn't ask for that part of the record, if that's such a critical part of your argument for your client? I had no idea at the time that the transcripts were ordered that it would be a critical part of this case. There were boxes and boxes and boxes of record in this case that I waded through to try to get a transcript order done within the time that requested that it be submitted. And I just, at that point, didn't focus on it. Do you have anything further or would you like to rest on your brief? I think I'll rest on the brief. Thank you very much. Thank you so much. Good morning, Your Honors. And may it please the Court. Francisco de Sousa Martinez for the government. Good morning. Your Honors, the district court did not abuse its discretion in admitting Rivera's prior firearm conviction under Rule 4 of 4B. This was not about the government showing. Could you just clear up this part? Is it part of the record on appeal whether the jury was or was not aware of his position that it was his gun? Your Honor, if we look at the appendix, the defense counsel's opening statement kept the defense's theory of the case very close to his chest and simply told the jury that he was presenting his defense through cross-examinations. When we review those cross-examinations, there's no indication that the theory was that this was his gun, that it was somehow planted there. Rather, if we look at these cross-examinations, for example, of Agent Perez, he asked him, for example, he would point out that there were other people in the apartment as well. He also asked Agent Vergara also that there were other people in the apartment as well. He also tried to ask Agent Vergara as to the work plan, which named other people that the police might find there. All of these questions, Your Honor, were directed at showing that he was somehow not related to that apartment and, therefore, not in control of the remaining apartment or the things inside the apartment, one of those being the firearms. Well, did he ask Agent Vergara something like, isn't it true that you first encountered Mr. Galindez in the car? Anything like that? No, Your Honor. That was not asked of Mr. Vergara. Was there something precluding that question? No, Your Honor, no. Now, as I was saying, the special relevance of this prior conviction is particularly high here because, yes. So just so I understand, the entire defense case was made through cross-examination of the government witnesses? Is that what you're telling us? Yes. That was the entire case for the defense? Yes. Yes, correct, Your Honor. Now, there are two things to point out about this prior conviction that make its special relevance particularly higher. First of all is the closeness in time. What came out on cross about this gun, the color of the gun issue? If I remember correctly, it was to Agent Perez that he asked him how he knew that this was his gun and specifically asked why didn't you fingerprint the gun for my client, for Rivera, to determine whether or not Rivera had ever even touched the gun. And Agent Perez responded that we don't need to do that because we already know that this was his gun. Due to the fact that this was the – due to the particular color patterns of this gun, which was green and black. Now, Brother Counsel says that these are mass-produced. He has provided no evidence in the district court or before this panel that that is the case. The two websites, for example, that he cites in his briefs, the one that goes to the manufacturer, it says that the manufacturer mass-produces these guns in different colors, meaning we can produce this as a black gun, a green gun, a red gun, orange gun. It doesn't say on that website that these can be – that they mass-produce them in two-toned versions. And the second website that he points to is an online auction house, which is secondhand guns, and that goes to Agent Perez's testimony that this was an example of a person taking two separate guns and taking the bottom half of one gun and the top half of the other and putting them together. And so there is no – yes? Can you shed light on whether there was ballistic testing done that was exculpatory? No, the government did not – the federal government, I can assure, did not do any ballistics testing. As to whether or not the state did, I'm not particularly aware of that. However, taking Brother Counsel's argument, he says that the ballistics didn't – couldn't possibly determine that it was, but the ballistic testing didn't possibly say otherwise. The ballistics testing didn't say that this was not the same gun. So the possibility to make that inference was still there, and that's what the government did in this case. Was the government's theory that it was the same gun in this case as in the one that he was convicted of? Yes, Your Honor. And could you just tell me all of the basis that would have been before the jury for concluding that it was the same gun? Your Honor, the evidence for that was the – were the charging documents and state court conviction, both of which state that this was a green and black gun, and obviously the photo images of the gun that was seized in this particular case. And did they have – but they couldn't have had photo images of the prior gun because that was never located? That was never located, correct. And then you said there was testimony from an officer about how this gun was likely constructed? Yes. Was there any testimony about why there would be reason to believe that the prior gun was constructed in a similarly unusual manner? Well, like I said, the government's theory was that this was the same gun. So trying to figure out what was beyond just complete speculation would support that conclusion. Because even if there's special relevance, you still have to do the 403 analysis, if I understand it right. So it could be particularly prejudicial to have the gun conviction in. And if it's only marginally relevant to demonstrate it's the same gun because it's very speculative, then that means on the 403 calculation maybe it's more prejudicial than probative. So if there's a good reason to think it's the same gun, that way would seem to me pretty strongly for the government's position that it should be admitted. So what is the basis for concluding, other than the color, that it was the same gun? Just the color? No, not just the color. There was also the proximity in time of the two offenses. This was two events that occurred very close to one another, less than a month. And I meant to say that this is not your typical 404B evidence, where the government presents an instance of a prior possession of a different gun to show not propensity, but that it's more likely than not that you did possess a different gun here. This is, I would say, an easier 404B because we're saying that you possessed this gun before, and not four or five weeks before. And the two factors of that are the unusual color scheme and the proximity in time. And the proximity in time, yes, Your Honor. Is that it? Of the evidence that ties, that makes the case that it's the same gun? I mean, I'm not saying it's not enough, but I'm just wondering if there's more. Off the top of my head, I believe that is the basis of the government's theory of the case in this instance, Your Honor. Counsel, as a matter of, I guess, more of curiosity than anything, does the record explain why it is that the gun that served as the basis for the possession, the earlier, the commonwealth possession charge, disappeared? What happened to that gun? Does the record tell us? This just seems like an odd circumstance that the gun that would be the focus of that charge, in fact, nobody can account for its whereabouts. Does the record disclose why that is? The record does not, Your Honor. I would surmise that, although we talk about this as a prior conviction, the event, the actual murder that took place with this gun, what occurred five, six weeks ago. So the possession charge and conviction arises out of that murder incident? Yes. Yes, Your Honor. That was, of course, redacted. That part of the state court documents were not presented to the jury. But the gun was never seized? The conviction is based on possession of a gun, even though the gun that grounds the conviction was never seized? Do we know if the gun was seized at all? No, it was not seized. It was based on testimony. It was based on testimony. Someone that identified the defendant as having possessed that firearm, which was green and black. And whoever did that testimony was not called by the government to testify in this case to say, does this gun look like the gun you testified he had before? No, Your Honors. Counsel, can you also explain what the trial judge said to the defendant through counsel that if you testify, you have to understand that you will be subject to impeachment with respect to prior convictions? Is that what he was told? Correct, Your Honor. And that included more than the prior gun conviction? There were other convictions that would have been? Correct. Alongside that prior unlawful possession was a murder charge, for which he was convicted before and sentenced to 99 years in prison. That was redacted for purposes of 404B because that was not something that was to be presented to the jury. So if the scale is under 403, it would be unfairly prejudicial. However, the district court was correct in advising and warning the defendant that if you take the stand and you're surrendering your Fifth Amendment right to remain silent and you are subject to impeachment. And so all of that is relevant. The impeachment that would include which convictions? The murder conviction? I believe that was there. You just said that would be – that would not work. That would be too prejudicial. But did the judge indicate to the defendant that that form of impeachment would be fair game, the murder conviction? Unfairly prejudicial in the instance – in the context of 404B where the defendant does not take the stand. If you do take the stand and you put your character in question, the government has every right to challenge you on every aspect of that. And that's where the prior convictions would come in. So I'm just trying to – so did the judge in effect advise the defendant that if he took the stand, that murder conviction could be introduced for purposes of impeachment? Yes. Well, you just said – you just characterized how terribly prejudicial that would be. I know you put that in the 404B context, but if a defendant takes a stand, it is going to be impeached with prior convictions. The trial judge is required to make an analysis of how prejudicial those prior convictions would be. You can't just – judges can't say whatever prior convictions you have, they're all fair game. You can't do that. Obviously not. He said he did this as a warning that, obviously, depending on what you testify to, depending on the context of the impeachment, that those past prior convictions could come into play as impeachment evidence. But defense counsel is not making the argument, I gather, that the defendant was in effect denied his right to testify because the judge improperly advised him what the consequences would be, perhaps impeachment by all these convictions. That's not an argument that's being made. No, Your Honor, that's not an argument being made. It was just a strategic choice. He had a choice to be made, and he chose to go with not testifying. Now, going back to questions from this panel to further counsel regarding the issues of knowledge and intent being conceded or not or not, I would point this court to the D.C. Circuit's case in the United States v. Castle. There, the defendant made a similar argument, saying that I didn't contest the knowledge and intent, therefore you can't bring this prior firing conviction to show knowledge because it's not an issue. The D.C. Circuit said no, because basically by pleading guilty, you have put the government to its burden. You're requiring the government to prove its case beyond a reasonable doubt. And it further cited to a prior case from the D.C. Circuit where that defendant made the similar argument with the additional fact that he had made a stipulation as to the knowledge thing, as to the knowledge element. And even then, with a stipulation, the D.C. Circuit said that the government does not need to stipulate away the force of its evidence or of its case. So whether or not it was conceded by the defendant in this case is irrelevant, because the government has the ability and has the... But it wasn't conceded, I thought. It was not conceded. Okay. It was not conceded, but I'm saying that even if it was, the government still has the ability to present its case with the evidence that it chooses, admissible evidence, of course. Thank you. If the government has... No. Government rests on the brief. Thank you.